RULE to show cause wherefore a judgment should not be set aside. The affidavit of Amelia Rossiter, the defendant in it, set forth that she had no notice of the suit, or writ of foreign attachment on which the said judgment was obtained, until some time in the month of February last, after the entry thereof and the holding of the inquisition thereon; that she never was informed by the said plaintiff, or by any one for him, of any claim against her, nor did she know that any such existed; that she, to the best of her knowledge and belief, is not, and was not at the time of the issuing of said writ of attachment, indebted to the said plaintiff in any amount whatever, and that she has a just and legal defence to the whole of the plaintiff's cause of action in said suit. *Page 486 
 Gray for the defendant, upon this affidavit, moved for a rule upon the plaintiff to show cause why the judgment should not be opened and the defendant be allowed to appear in this court and disprove or avoid the said debt or claim. He cited, in support of the motion, Carman v. Reynolds, 5 El. and Black, 300 (85 E. C. L., 301); Freeman on Judg., § 100.
Nields, for the plaintiff, objected to the motion and the granting of the rule because, as he conceived, it would be contrary to an express provision of a statute which he should think must have been specially designed for such a foreign attachment case as this, if the affidavit of the defendant is reliable. The statutory provision referred to by him is as follows:
"Sec. 19. A writ of foreign attachment may be issued against any person not an inhabitant of this State, after a return to a summons or capias issued and delivered to the sheriff or coroner, ten days before the return thereof, showing that the defendant cannot be found, and proof satisfactory to the court of the cause of action; or upon affidavit made by the plaintiff, or by some other credible person, and filed with the prothonotory, that the defendant resides out of the State, and is justly indebted to the said plaintiff in a sum exceeding fifty dollars.
"Sec. 20. The said writ shall be framed, directed, executed and returned, and like proceedings had, as in the case of a domestic attachment, except as to the appointment of auditors and distribution among creditors; for every plaintiff in a foreign attachment shall have the benefit of his own discovery, and, after judgment, may proceed by order of sale, fieri facias, capias ad satisfaciendum or otherwise, as on other judgments."
"Provided, That before receiving any sum under such judgment, the plaintiff shall enter into recognizance, as required by Section 13, preceding, and which is as follows:
"Sec. 13. Provided, That before any creditor shall receive any dividend or share so distributed, he shall, with sufficient surety, enter into recognizance to the debtor before the prothonotary, in a sufficient sum to secure the repayment of the same, or any part thereof, if the said debtor shall, within one year *Page 487 
thereafter, appear in the said court and disprove or avoid such debt or such part thereof."
"The proceeding for this purpose may be by motion to the court, and an issue framed and tried before the same." Rev. Code, chap. 104, §§ 19, 20, 13, pp. 641, 642.
The Court held that to proceed under the provisions of the statute just read, the defendant might have to delay her proceeding until after the plaintiff had proceeded to execution on the judgment, which might not be for an indefinite period of time; in the meanwhile, if she owes him nothing, she has a clear right to be relieved of the judgment at the earliest day practicable.
The rule granted.